IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL R. HOHAL, *et al.*,
    *Plaintiffs*,

v.                                                  Civil Action No. ELH-16-1893

JAMES D. TANGORRE,
    *Defendant*.

**MEMORANDUM OPINION**

Daniel R. Hohal and Sarah L. Baia, Esquire (formerly known as Sarah Merritt) filed suit in the Circuit Court for Dorchester County against James D. "Salvatorie" Tangorre, alleging defamation. ECF 2.[1] Tangorre, who is self-represented, timely removed the case to this Court on June 6, 2016, asserting federal question and diversity jurisdiction. ECF 1.[2]

Tangorre also filed "Defendant's Answer to Complaint, Affirmative Defenses, Compulsory Joinder and Compulsory Complaint," some 58 pages in length. ECF 6. In that submission, Tangorre sought to join WestGUARD Insurance Company ("WestGUARD") and Stockton, Barker & Mead, LLP ("Stockton"), Baia's former employer, as defendants, pursuant to Fed. R. Civ. P. 19(a)(1)(A), (B) and Fed. R. Civ. P. 20 (a)(2)(A), (B). ECF 6 at 24-28. In

---

[1] The Notice of Removal (ECF 1) states that the case was filed on May 9 (ECF 1 ¶ 1), and that it was "commenced" on May 5, 2016. ECF 1 ¶ 3. The Notice of Removal also states that the defendant was served on May 9, 2016. *Id.* The Complaint (ECF 2) references 22 exhibits that were not docketed.

[2] Tangorre filed a "Notice of Removal of Action Under U.S. 28 § 1441(a)—Federal Question." ECF 1. Despite the title, the text of the Notice of Removal seems to assert removal based on diversity jurisdiction. ECF 1 ¶¶ 11-14.

addition, he filed counterclaims against Hohal, Baia, WestGUARD, and Stockton (collectively, "Plaintiffs"). *Id.* at 28-57.

Plaintiffs filed a Motion to Remand on July 6, 2016 (ECF 12), supported by a memorandum of law (ECF-12-1) (collectively, "Motion to Remand" or "Motion"). Tangorre opposes the Motion. ECF 19 ("Opposition"). No reply has been filed, and the time to do so has expired. *See* Local Rule 105.2(a).[3]

No hearing is necessary to resolve the Motion to Remand. *See* Local Rule 105.6. For the reasons stated below, I shall grant the Motion.

## I. Factual and Procedural Background[4]

This suit is rooted in a workers' compensation claim filed by Tangorre in New York in 2011, captioned *Tangorre v. Tech Home Electric, LCC.* ECF 2, ¶¶ 1,10. Hohal, a Pennsylvania resident, was assigned to Tangorre's workers' compensation claim in his capacity as a claims handler with WestGUARD. *Id.* ¶¶ 2, 3. Baia, a New York resident and attorney, represented WestGUARD in Tangorre's worker's compensation claim. *Id.* ¶¶ 4, 5. Tangorre, a Maryland resident (*id.* ¶ 7), was allegedly injured while working as an electrician in New York. *Id.* ¶ 9.[5]

Hohal and Baia filed suit in a Maryland court against Tangorre on May 5, 2016, claiming defamation per se under Maryland law. ECF 2. They allege that the insurer, WestGUARD,

---

[3] Baia, Hohal, WestGUARD, and Stockton all moved to dismiss. *See* ECF 10 (Baia and Hohal); ECF 13 (WestGUARD); and ECF 14 (Stockton). Tangorre filed oppositions to all three motions. *See* ECF 18; ECF 20; ECF 21; ECF 22; ECF 23. Baia and Hohal replied (ECF 24), as did Stockton and WestGUARD. ECF 25. I decline to consider the motions to dismiss, however, because of my disposition of the Motion to Remand.

[4] The factual allegations are derived from the Complaint. For the purposes of this Memorandum, it is unnecessary to review fully the allegations or the procedural history.

[5] Although the Complaint uses the word "resident, rather than the word citizen, Tangorre relies on citizenship to support his claim of diversity jurisdiction. *See* ECF 19 at 4.

learned that Tangorre had covertly returned to work while continuing to receive indemnity befits from WestGUARD. *Id.* ¶ 11. Thereafter, a three-member panel of the New York Workers' Compensation Board found that Tangorre had committed fraud with respect to his claim. *Id.* ¶¶ 12, 13. It concluded that Tangorre's "'misrepresentations [were] material and egregious.'" *Id.* ¶ 14 (citation omitted). Thus, Tangorre was barred from receipt of benefits. *Id.* ¶ 15.

On August 19, 2013, the Full Board denied Tangorre's application for review. *Id.* ¶ 17. The New York appellate court subsequently affirmed. *Id.* ¶ 19; *see Matter of Tangorre v. Tech Home Elec., LLC*, 2 N.Y.S.3d 683, 124 A.D. 3d 1183 (N.Y. App. Div. 2015) (affirming the Board).[6]

According to the Complaint, Tangorre was upset with the result of his unsuccessful workers' compensation claim, and posted on various websites, including LinkedIn and his own blog, www.WCBinjury.com, a variety of false statements about Hohal and Baia relating to the

---

[6] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert.* denied, 132 S. Ct. 115 (2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

In the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting [it] into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, ___ Fed. Appx. ___, 2016 WL 2609617 (4th Cir. May 6, 2016). *Cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records"). However, "these facts [must be] construed in the light most favorable" to the non-movant. *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013) (abrogated on other grounds by *Reed v. Town of Gilbert, Ariz.*, ____ U.S. ____, 135 S. Ct. 2218 (2015), as recognized in *Cahaly v. Larosa*, 796 F. 3d 399 (4th Cir. 2015)).

workers' compensation claim. ECF 2 ¶¶ 1, 20. These statements include, *inter alia*, that Plaintiffs filed false, misleading, and fabricated documentation and letters with the New York Workers' Compensation Board, filed a false police report, filed a false document with the Court, and planted false evidence in connection with Tangorre's workers' compensation claim. *Id.* ¶¶ 25-41. Hohal and Baia seek $500,000 each in compensatory damages, punitive damages, attorneys' fees, costs, and a permanent injunction prohibiting defendant from defaming them. *Id.* at 9.

On June 6, 2016, Tangorre removed the case to this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446. ECF 1 (Notice of Removal). Under "Grounds for Removal," Tangorre asserts that Hohal, Baia, and Tangorre reside in different states and that their claim for damages exceeds $75,000. Tangorre also asserts that his "blog is protected under the First Amendment of Freedom of Speech." *Id.* ¶¶ 11-14. As noted, Tangorre submitted a consolidated pleading that contains an answer, a motion to join WestGUARD and Stockton as defendants, and counterclaims. ECF 6. His counterclaims against Hohal, Baia, WestGUARD, and Stockton are predicated on 42 U.S.C. §§1985(2), (3). *Id.* According to Tangorre, plaintiffs conspired to impede, hinder, and obstruct justice in his workers' compensation claim and to impede his free speech rights. *Id.* at 29-30.[7]

## II.   Legal Standard

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Indeed, a federal court has "an independent obligation to determine whether subject-matter

---

[7] Because Tangorre is self-represented, his pleadings have been "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). With regard to removed cases, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

As noted, Tangorre asserts in his Notice of Removal that this Court possesses subject matter jurisdiction based on federal question jurisdiction, also known as "arising under" jurisdiction. *See* 28 U.S.C. §§ 1331. In addition, he seems to assert diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a).

Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Of import here, "'[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted). A defendant may assert "federal" or "ordinary" preemption "as a defense to the allegations in a plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, it is "settled law that a case may not be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393. Put another way, the "existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (alteration and emphasis in

original) (internal citations omitted). Furthermore, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (citations omitted).

Section 1332(a) grants federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332 (a)(2). In turn, § 1441, the general removal statute, permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

When jurisdiction is based on a claim "arising under the Constitution, treaties or laws of the United States," the case is removable without regard to the citizenship or residence of the parties. *Id.* § 1441(b). However, Section 1441(b)(2), also known as the "forum-state defendant rule," provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is because "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (citation omitted), *cert. denied*, 549 U.S. 1207 (2007). And, "[t]he need for such protection is absent...in cases where the defendant is a citizen of the state in which the case is brought." *Id.*

### III. Discussion

The forum-state defendant rule is widely regarded as procedural, rather than jurisdictional. "Although the United States Court of Appeals for the Fourth Circuit has yet to rule on this question, ten circuit courts have had occasion to address it" and, of those ten circuits, "nine have found that removal by a forum defendant is a procedural defect, and thus waivable." *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011) (citing cases). Similarly, this Court has previously held "that removal by a forum defendant in contravention of 28 U.S.C. § 1441(b)(2) is a procedural defect that, pursuant to 28 U.S.C. § 1447(c), must be raised in a motion to remand within thirty days of the filing of a notice of removal." *Almutairi v. Johns Hopkins Health Sys. Corp.*, No. CV ELH-15-2864, 2016 WL 97835, at *7 (D. Md. Jan. 8, 2016). Thus, I must first determine whether plaintiffs timely filed their motion to remand.

As noted, defendant removed the case to this Court on June 6, 2016 (ECF 1) and Baia and Hohal moved to remand on July 6, 2016. ECF 12. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...." *See, e.g., Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("A motion to remand on procedural grounds must be filed ... within 30 days of the notice of removal.").

Fed. R. Civ. P. 6(a)(1) pertains to the calculation of the 30 day deadline set forth in 28 U.S.C.§ 1447(c). Rule 6(a)(1) provides, in relevant part:

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> **(1)** *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:

   **(A)** exclude the day of the event that triggers the period;

   **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and

   **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Therefore, under Rule 6(a)(1)(A), for purposes of filing the Motion to Remand, the clock began to run on June 7, 2016. It follows that Hohal and Baia timely filed their Motion to Remand on the 30th day -- July 6, 2016 (ECF 12; ECF 12-1).

In the Motion to Remand, plaintiffs raise three arguments. First, plaintiffs argue that even though the requirements of diversity jurisdiction are satisfied under 28 U.S.C. § 1332, removal was improper pursuant to 28 U.S.C. § 1441(b)(2), the forum-state defendant rule, because Tangorre is a Maryland resident who was sued in a Maryland State Court. ECF 12-1 at 3. Second, plaintiffs assert that Tangorre's attempt to base removal on his First Amendment defense to the defamation claims fails because a defendant cannot remove a case on the basis of a defense. *Id.* Finally, plaintiffs argue that Tangorre's counterclaim, under 42 U.S.C. § 1985, cannot confer federal jurisdiction. *Id.* at 4.

Tangorre disagrees. He contends that the Court has federal question jurisdiction under 28 U.S.C. § 1331, because the defamation suit is an attempt to censor his speech, in violation of his First Amendment rights under the United States Constitution. ECF 19 at 2-3. Further, Tangorre asserts that the Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000. ECF 19 at 3-4. Tangorre did not address plaintiff's argument regarding the forum-state defendant rule.

Pursuant to 28 U.S.C. § 1441(b)(2), "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In this case, Tangorre, the defendant, is a citizen of Maryland, the state where the defamation suit was brought. Tangorre has provided no basis to suggest why the forum-defendant rule does not require remand in this case. Indeed, he failed to respond to this argument.

The Court also does not possess federal question jurisdiction pursuant to 28 U.S.C. § 1331. As discussed above, it is "settled law that a case may not be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393. Plaintiffs allege defamation, a claim which sounds entirely in state law. Tangorre's assertion that the defamation suit impinges his First Amendment right to freedom of speech is a federal defense. As "Congress has long since decided that federal defenses do not provide a basis for removal" (*id.* at 399), Tangorre's defense does not confer federal question jurisdiction on this Court.

Nor does this Court possess federal question jurisdiction on the basis of Tangorre's counterclaim under 42 U.S.C. §§ 1985(2), (3). As noted, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc.*, 535 U.S. at 831 (citations omitted); *id.* at 832 ("[W]e decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint-or-counterclaim rule.").

9

## IV.    Conclusion

For the foregoing reasons, I shall grant the Motion to Remand (ECF 12).  Accordingly, I need not resolve ECF 10, ECF 13, or ECF 14.  An Order follows.


Date: September 15, 2016                                          /s/
                                                                         Ellen Lipton Hollander
                                                                         United States District Judge